KAHN, Judge,
concurring.
I believe the sentence, resulting from a plea bargain, should be affirmed. Any other result would tend to encourage chaos. A defendant should not be able to freely and voluntarily agree to a plea and a sentence, and then, upon a probation violation perhaps years later, challenge the sentence as “illegal,” where the resulting term of incarceration, or combined terms of incarceration and probation, does not exceed the maximum allowable for the particular offense.
I also tend to believe that Gaskins’ sentence may be viewed as fitting the second sentencing alternative in Poore v. State, supra at 164 (“true” split sentence). Had Gaskins bargained for and received a ten-year sentence, with all but one month suspended, conditioned upon successful completion of nine years, eleven months probation, he could not complain. The instant sentence merely benefitted Gaskins by not requiring him to serve any initial prison time, and by requiring only five years probation, rather than the entire length of the suspended sentence. I nonetheless agree to certification because this is a perplexing area.